KNOWLES and another, Respondents, vs. FRAWLEY and others, Appellants.

*December 12, 1892 — January 10, 1893.*

*Attorney's liability for costs: Assignment.*

An attorney who is liable for costs under sec. 2948, R. S., is liable therefor upon an implied contract, not as a surety merely, but as a principal debtor, and the claim against him therefor is assignable.

Knowles and another vs. Frawley and others.

APPEAL from the Circuit Court for *Eau Claire* County.

Appeal from an order overruling a demurrer to the complaint. It is alleged in the complaint that the defendants, who are attorneys at law, commenced several actions in the circuit court for Fond du Lac county, as attorneys for William Lockin, the plaintiff therein, each action being against a different defendant; that the plaintiffs, who are also attorneys at law, appeared in each of said actions as attorneys for the defendant therein, and conducted the defense of said actions, respectively, as such attorneys; that the defendant in each action obtained judgment therein against the plaintiff for costs in a sum not less than $100; that when said actions were commenced the said William Lockin was a nonresident of this state, residing in the state of Minnesota, and was and is insolvent; that no security for costs was filed by or on behalf of said plaintiff in either of said actions; that each of said judgments has been duly assigned by the party in whose favor it is rendered, to these plaintiffs, together with the right of action against these defendants for such costs; and that payment of the same has been duly demanded of these defendants, who have refused to pay the same, or any portion thereof. Judgment is demanded for the aggregate of such costs, and interest thereon.

The complaint contains separate counts, setting forth in each the above facts in respect to each of said actions. The demurrer specified several grounds therefor, but it is necessary to consider but one of them, which is that such complaint fails to state facts sufficient to constitute a cause of action.

The cause was submitted for the appellants on the brief of *T. F. Frawley, W. H. Frawley,* and *A. J. Sutherland,* in person, and for the respondents on that of *Geo. P. Knowles.*

LYON, C. J. This action was brought under the provisions of sec. 2948, R. S., which reads as follows: "In any

case in which the defendant, at the time of the commencement of the action, shall by law be entitled to require security for costs, the attorney for the plaintiff shall be liable for such costs, to an amount not exceeding one hundred dollars, until security therefor be filed, as herein provided, whether such security shall have been required by the defendant or not; but such attorney may relieve himself from such liability by filing an undertaking as hereinbefore prescribed, and giving notice thereof, without being required so to do by the defendant."

It appears from the complaint that at the time of the commencement of the several actions mentioned therein the plaintiff in those actions, William Lockin, was a nonresident of this state, and hence that the defendants in each such action were entitled to require security for costs. R. S. sec. 2943. No such security was filed in either action; hence the defendant in each action, having recovered judgment against the plaintiff therein, became entitled, under sec. 2948, to maintain an action for his costs against these defendants, who were the attorneys of Lockin in the actions mentioned in the complaint.

The complaint also alleges the assignment by the judgment creditor, in each of said actions, of such judgment, and of the claim of such judgment creditor against these defendants for such costs. If, therefore, the claims are assignable, the complaint states a cause of action in favor of the plaintiffs and against these defendants. Notwithstanding the very ingenious argument of the defendants to the contrary, we cannot doubt that such claims are assignable, and that the action is well brought by the plaintiffs. Sec. 2948 raises an implied contract by the defendants that, if they fail to relieve themselves from liability for the costs sued for by giving the undertaking mentioned therein, they will thereby become liable for such costs. Having failed thus to relieve themselves from such liability, they have

become liable for such costs, not as sureties merely, but as principal debtors. The statute does not make their liability collateral, but their obligation is to pay such costs. We think the circuit court properly overruled the demurrer.

*By the Court.*— Order affirmed.